IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| ERIC SCOT PHILLIPS, | ) | CASE NO. 4:18 CV 00747 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant, | ) | **ORDER** |

# Introduction

Before me[1] is an action by Eric Scot Phillips under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits.[2] Because the ALJ's residual functional capacity decision lacks the support of substantial evidence, this matter is reversed and remanded for further administrative proceedings consistent with this opinion.

# Issue Presented

This case presents the following issues for review:

- State agency reviewing physicians gave residual functional capacity ("RFC") opinions in 2014. After those opinions, Phillips continued to treat for his cervical and lumbar spine impairments, and two more years of treatment notes came into the record. No acceptable medical source offered an opinion based on those notes. The ALJ reviewed them but adopted the RFC in the 2014 opinions. Does

---

[1] ECF No. 19. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

the RFC decision lack the support of substantial evidence for want of an updated source opinion?

- The ALJ found Phillips's complaints of the severity of pain and the limiting effects thereof less than credible. He cited Phillips's continuing reliance on Percocet and his rejection of other treatment options among the reasons supporting the finding. Does substantial evidence support the credibility finding?

## Analysis

Phillips sought disability insurance benefits for limitations caused by the severe impairments of degenerative arthritis/disc disease of the cervical and lumbar spine. The onset date, June 5, 2013, corresponds to an examination by his treating physician, Dr. Lori Crowl, on June 17, 2013. Phillips continued to treat with Dr. Crowl and Dr. J. Alex Heintzelman in 2014, 2015, and 2016. In 2014, two state agency reviewing physicians gave RFC opinions. Both opined that Phillips could perform light work with additional postural and mental limitations. For the most part, the ALJ adopted the limitations opined by the state agency reviewing physicians as the RFC. He gave these opinions significant weight.[3]

The record contains no other source opinions. After the state agency reviewing physicians opined, two more years of medical records came into the transcript. The ALJ discusses some of those records in his decision. He relies heavily on Phillips's insistence on continuing the use of Percocet and rejection of other treatment options.

---

[3] ECF No. 12, Transcript ("Tr.") at 28.

Phillips bases his argument on my decision in *Deskins v. Commissioner of Social Security*.⁴ He acknowledges that *Deskins* does not establish a bright line rule. But he argues that this case fit*s* squarely with the narrow zone mapped out by *Deskins* in which the ALJ cannot evaluate "raw medical data" without the assistance of an acceptable source opinion.

The question is whether there are medical findings in the post-November 2014 records that show a worsening of Phillips's impairment that require evaluation by an acceptable medical source.

Both sides acknowledge *Deskins*, and this case fits within the broad parameters of the rule in that case because substantial medical records came into the transcript after the last acceptable opinion, and the ALJ made findings based upon his evaluation of those records without the benefit of such an opinion. So *Deskins*, as explained in the *Kizys v. Commissioner of Social Security*⁵ decision, provides the rules of decision.

The inquiry requires the Court to decide if the relevant records show very little changes in physical impairments and, therefore, are susceptible to evaluation by common sense judgment. The records at issue were generated by treating physicians Crowl and Heintzelman. The treatment notes throughout 2015 and 2016 show that Phillips's condition worsened during the time post-dating the state agency reviewing sources' opinions. While he experienced good days and bad days, these records are replete with

---

⁴ 605 F. Supp. 2d 908 (N.D. Ohio 2008).
⁵ No. 3:10 CV 25, 2011 WL 5024866 (N.D. Ohio Oct. 21, 2011).

positive findings.[6] In August 2015, Dr. Crowl noted that Phillips needed additional imaging done.[7] He underwent x-rays in August/September 2015[8] and another MRI in May of 2016.[9] These positive findings and imaging results fall within the "raw medical data" the ALJ cannot evaluate and fashion into specific residual functional capabilities without the assistance of a medical source under *Deskins* and *Kizys*. Remand is required.

Given the necessary remand on the first issue Phillips raised, I decline to reach the second issue. On remand, however, the ALJ must also reevaluate Phillips's credibility in light of an acceptable source opinion directed to the post-November 2014 medical records.

## Conclusion

The ALJ's no disability finding lacks substantial evidence. This matter is reversed and remanded for further administrative proceedings consistent with this opinion. On remand, the ALJ must reconsider Phillips's RFC with the assistance of a medical opinion as to Phillips's work-related limitations. In addition, the ALJ must reevaluate Phillips's credibility in light of that medical opinion.

IT IS SO ORDERED.

Dated: May 7, 2019                    s/ William H. Baughman, Jr.
                                      United States Magistrate Judge

---

[6] *See* Tr. at 384-415, 416-445.
[7] *Id.* at 406-409.
[8] *Id.* at 421.
[9] *Id.* at 478-81.